IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

KEITH M. WILKINS,                                    Case No. 6:23-cv-00169-AA
                                                     **OPINION AND ORDER**
            Plaintiff,

      vs.

STEVE HERRON, CHAD LOWE, STEVEN
COOK, PAUL DEAN, BEND-LA PINE
ADMINISTRATIVE SD-1, AN OREGON
PUBLIC SCHOOL DISTRICT,
AUTHORIZED AND CHARTERED BY THE
LAWS OF THE STATE OF OREGON,

            Defendants.

_____

AIKEN, District Judge:

      Plaintiff Keith Wilkins, a schoolteacher, challenges state Covid-19 vaccine
mandates implemented by his employer, the Bend-La Pine School District ("the
District").  Plaintiff brings suit against the District and its human resources director;
principal; superintendent; and appointed czar (collectively, "defendants").  Before the
Court is defendant's Second Motion to Dismiss, ECF No. 7.  Defendant's First Motion

to Dismiss, ECF No. 5, is DENIED as MOOT, by the filing of plaintiff's First Amended
Complaint ("FAC"), ECF No. 6.  For the reasons explained, defendants' Second Motion
to Dismiss, ECF No. 7, is GRANTED.  Plaintiff's FAC, ECF No. 6, is DISMISSED
with without leave to amend.

## BACKGROUND

The District has employed plaintiff since August 2007.  FAC ¶ 1.  In response
to the COVID-19 pandemic, the Oregon Health Authority ("OHA") mandated school
employees to receive the COVID-19 vaccine or obtain a religious or medical exception.
*See id.* ¶ 63 (citing n. 19, OAR 333-019-1030); *id* ¶ 188 (discussing OAR 333-019-
1015).  The State of Oregon also required individuals in schools to wear masks.  FAC
¶ 35.  Plaintiff refused to comply with the vaccine and mask requirements.  *Id.* ¶ 64.
In February 2021, the District placed plaintiff on unpaid leave.  *Id.* ¶ 27, 30.  Plaintiff
makes claims premised on allegations that the Covid-19 vaccine and mask
requirements are unconstitutional.

## STANDARD OF REVIEW

To survive a motion to dismiss under the federal pleading standards, the
complaint must include a short and plain statement of the claim and "contain
sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible
on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.
Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the
plaintiff pleads factual content that allows the court to draw the reasonable inference
that the defendant is liable for the misconduct alleged.  The plausibility standard . .

. asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.* The complaint must contain more than "naked assertion[s,]" "labels and conclusions," or "a formulaic recitation of the elements of a cause of action" to state a claim for relief. *Twombly*, 550 U.S. at 555-57.

## DISCUSSION

Plaintiff claims that defendants are liable under 42 U.S.C. § 1983 for violations of the First and Fourteenth Amendment, and Section 564 of the Food, Drug, and Cosmetic Act. In response to defendants' motion, plaintiff concedes dismissal of his sixth, seventh, and eighth claims for relief, and the Court accordingly dismisses those claims.[1] Plaintiff seeks damages; a permanent injunction; and attorney fees and costs. Defendants move to dismiss all claims under Federal Rule of Civil Procedure 12(b)(6).

## I.    **Proper Party**

Defendants contend that plaintiff's challenge to the vaccine mandate should be brought against the state—not defendants. Mot. at 4. Defendants assert that they are the District's employees, bound to follow the state vaccine laws, and therefore, the proper party to sue would be the State of Oregon. *Id.*

Plaintiff responds that individual defendants are liable under 42 U.S.C. § 1983 because they were acting under color of state law when implementing OAR 333-019-

---

[1]    Plaintiff concedes dismissal of claims for disability discrimination, conspiracy, and wrongful discharge.

1015 and OAR 333-019-1030—the mask and vaccine mandates ("the mandates"). Plaintiff alleges that the mandates, as "enforced" by individual defendants, violate his rights under the First and Fourteenth Amendment. Plaintiff maintains that, because defendants complied with the mandates, they are liable to him for the violation of his constitutional rights, and "not immune" from suit. Resp. at 3-4. At this stage of litigation, the Court finds that plaintiff's allegations are sufficient to infer that defendants are the proper party and defendants' motion is denied on that issue.

## II.    Vaccine Mandate – Fourteenth Amendment

Plaintiff alleges that defendants violated his "liberty interest to refuse medical treatment" under the Fourteenth Amendment when defendants attempted to coerce him to comply with the mandates. FAC ¶¶ 174-75. Defendants assert that this claim must be dismissed because there is no fundamental right to refuse vaccination. Mot. at 4. Plaintiff responds that the international law principle of *jus cogens,*[2] which plaintiff connects with the Nuremburg Code to prohibit forced medical

---

[2]    Explained in *Johnson v. Brown*, 567 F. Supp. 3d 1230, 1247 n. 24 (D. Or. 2021), "*Jus cogens*, the literal meaning of which is 'compelling law,' is the technical term given to those norms of general international law that are argued as hierarchically superior." Kamrul Hossain, The Concept of Jus Cogens and the Obligation Under the U.N. Charter, 3 SANTA CLARA J. INT'L L. 72, 73 (2005); *see also United States v. Struckman,* 611 F.3d 560, 576 (9th Cir. 2010) ("*Jus cogens* norms are a subset of 'customary international law'; 'customary international law' is defined as the general and consistent practice of states followed by them from a sense of legal obligation. These norms, which are derived from values taken to be fundamental by the international community are binding on all nations and cannot be preempted by treaty.")

experimentation, requires the Court to analyze defendants' application of the mandates under strict scrutiny.  Resp. at 14, 18.

The United States Supreme Court rejected the notion that vaccine mandates violate the liberty interest secured by the Due Process Clause of the Fourteenth Amendment.  *Jacobson v. Commonwealth of Massachusetts,* 197 U.S. 11 (1905).  In *Jacobson*, the Supreme Court wrote that "a community has the right to protect itself against an epidemic of disease [that] threatens the safety of its members."  *Id.* at 27-28.  Courts across the country have concluded that *Jacobson* established that there is no fundamental right to refuse vaccination, and that rational basis review is appropriate.  *See Klaassen v. Trs. of Ind. Univ.*, 549 F. Supp. 3d 836, 871-71 (N.D. Ind. July 18, 2021), *aff'd*, 7 F.4th 592 (7th Cir. 2021) ("Given *Jacobson v. Massachusetts*, which holds that a state may require all members of the public to be vaccinated against smallpox, there can't be a constitutional problem with vaccination against SARS-CoV-2."); *Norris v. Stanley*, 567 F. Supp. 3d 818, 821, No. 1:21-cv-756 (W.D. Mich. Oct. 8, 2021) ("Plaintiff is absolutely correct that she possesses those rights [to privacy and bodily integrity], but there is no fundamental right to decline a vaccination.").

This district has also found that *Jacobson* is applicable when reviewing the COVID-19 vaccine mandate.  *See e.g.*, *Johnson,* 567 F. Supp. 3d at 1251; *Williams v. Brown*, 567 F. Supp. 3d 1213, 1224-26 (D. Or. 2021).  Under rational basis review, government conduct is presumed valid and will be upheld so long as it is rationally

related to a legitimate interest. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985).

Further, under rational basis review, courts regularly uphold vaccination requirements in the context of public education. *E.g., Gunter v. North Wasco Cnty. Sch. Dist. Bd. Of Edu.*, 577 F. Supp. 3d 1141, 1160 (D. Or. 2021) (rejecting an argument that a COVID-19 vaccine mandate violated provisions of the U.S. Constitution, including substantive due process); *Zucht v. King*, 260 U.S. 174, 176 (1922) (rejecting a challenge to Texas ordinance requiring vaccination to attend school); *Phillips v. City of New York*, 775 F.3d 538, 542 (2d Cir. 2015) (rejecting an argument that a mandatory vaccine requirement violated provisions of the U.S. Constitution, including substantive due process); *Williams*, 567 F. Supp. 3d at 1227 (rejecting a claim that the COVID-19 vaccine mandate violated U.S. Constitution provisions, including substantive due process).

The Court finds that plaintiff failed to state a claim under § 1983 that defendants violated plaintiff's rights under the Fourteenth Amendment. Accordingly, defendants' motion is granted as to that issue, and plaintiff's first claim for relief is dismissed on that basis.

The Court also finds that plaintiff's argument, raised under the principle of *jus cogens,* fails to state a claim because plaintiff chose not to take the vaccine, thus no forced experimentation—allegedly justifying "strict scrutiny" review—occurred. The Court does not reach further legal analysis of the international law doctrines plaintiff posits.

### III.    Mask Mandate – Fourteenth Amendment

Plaintiff alleges that defendants' implementation of Oregon's mask mandate for school employees violates his liberty interest to refuse a medical device and that it is not rational to compel healthy people to wear a mask. FAC ¶¶ 39, 180-82. Plaintiff asserts that a mask is an experimental medical device. FAC ¶¶ 179-80. Defendants contend that this claim should be dismissed, because mask mandates do not require medical treatment, and therefore do not violate his right to refuse a medical device. Mot. at 5-6.

This District has found the mask mandate is no more medical treatment than laws requiring shoes in public places or helmets while riding a motorcycle. *Gunter*, F. Supp. 3d at 1156.

The Court agrees and finds that plaintiff has failed to state a claim. The mask mandate is not medical treatment, and defendant's implementation of the mask mandate does not violate a fundamental right under the Fourteenth Amendment. Further, plaintiff alleges that he never wore a mask. FAC ¶ 164. Defendants' motion is granted on this issue, and plaintiff's second claim for relief is dismissed.

### III.    Food, Drug, and Cosmetic Act

Plaintiff asserts that, under Section 564 of the Food, Drug, and Cosmetic Act, entities are prohibited from mandating the use of products under the Emergency Use Authorization ("EUA"). FAC ¶ 190. Plaintiff alleges that, under the EUA, persons must be granted a choice to receive or not receive the [Pfizer-BioNTech, Moderna,

or Janssen COVID-19 vaccine], *id*. ¶ 71, and that defendants failed to grant plaintiff such a choice under the mandates.

Defendants move to dismiss on the grounds that there is no private right of action under the Food, Drug, and Cosmetic Act, and that, at any rate, the mandates permit persons to choose whether to take the vaccine, and plaintiff chose not to take the vaccine.  Mot. at 6-7.

This District has found that there is no private right of action to enforce Section 564.  21 U.S.C. § 337(a), (b)(1).  *Kiss v. Best Buy*, 2022 WL 17480936, at *7-8 (D. Or. Dec. 6, 2022).  The availability of a § 1983 remedy depends on whether the statute creates a sufficiently specific obligation for the courts to enforce, and requires that the remedy is not foreclosed by express provision of the statute itself.  *Wright v. City of Roanoke Redevelopment and Housing Authority*, 479 U.S. 418, 423, 432.  The Food, Drug, and Cosmetic Act expressly forbids private rights of action under that statute. *PhotoMedex, Inc. v. Irwin*, 601 F.3d 919, 924 (9th Cir. 2010) (citing 21 U.S.C. § 337). *See also Lloyd v. Sch. Bd. Of Palm Beach Cnty.*, 570 F. Supp. 3d 1165, 1175 (S.D. Fla. 2021).

Accordingly, plaintiff cannot state a claim for violation of a right under the Food, Drug, and Cosmetic Act, given the statute's express prohibition on private rights of action.

And the EUA Section 564 only applies to the Secretary of Health and Human Services and medical providers.  *Johnson*, 567 F. Supp. 3d. at 1255-56.  *See also Valdez v. Grisham*, 559 F. Supp. 3d 1161, 1173 (D.N.M. Sep. 13, 2021) (stating that

21 U.S.C. § 360bbb-3(e)(1)(A) only applies to medical providers who directly administer the vaccine). Plaintiff has not alleged that defendants provided the vaccines or masks. Rather, plaintiff alleges that defendants enforced an unconstitutional OHA mandate. Accordingly, defendants are not included within the statute. At any rate, the text of the vaccine mandate, and defendants' implementation, provided plaintiff and others with the choice whether to receive the vaccine. *See* Mot. at 7; *Johnson*, 567 F. Supp. 3d at 1256-67. Accordingly, defendants' motion is granted on this issues and plaintiff's third claim for relief is dismissed.

## IV.  Mask Mandate – First Amendment

Plaintiff alleges that the mask mandate violated his First Amendment right to free expression. FAC ¶ 199. Plaintiff alleges that forcing individuals to wear masks is a form of government indoctrination and oppression. *Id.* ¶ 194-95. Defendants contend that plaintiff fails to state a claim for a violation of the First Amendment because mask mandates regulate conduct, not speech, and do not implicate the First Amendment at all. Mot. at 7-8.

To determine whether the First Amendment applies, a court must ask "whether conduct within a 'significant expressive element' drew the legal remedy or the ordinance has the inevitable effect of 'singling out those engaged in expressive activity.'" *Int'l Franchise Ass'n v. City of Seattle*, 803 F.3d 389, 408 (9th Cir. 2015) (quoting *Arcara v. Cloud Books, Inc.*, 478 U.S. 697, 706–07). A court may consider the inevitable effects of a statute, as well as a statute's stated purpose. *Sorrell v. IMS Health Inc.*, 564 U.S. 552, 565 (2011). The First Amendment "does not prevent

restrictions directed at . . . conduct from imposing incidental burdens on speech." *Id.* at 567.  Vaccine mandates are "viewed as a means of preventing the spread of COVID-19, not expressing any message." *Antietam Battlefield KOA v. Hogan*, 641 F. Supp 3d 214, 237 (D. Md 2020), *appeal dismissed*, No. 20-1579, 2020 WL 6787532 (4th Cir. July 6, 2020), and *aff'd in part, appeal dismissed in part*, No. 20-2311, 2022 WL 1449180 (4th Cir. May 9, 2022).

Here, plaintiff's allegations show that mandates apply equally to all workers in schools and do not have the effect of singling out those engaged in a particular speech related activity.  Further, the pleadings demonstrate that the mask mandate is content neutral.  Plaintiff's allegations do not demonstrate that the mandate's purpose—protecting public health and preventing the spread of COVID-19—is related to speech in any way.  Accordingly, defendants' motion is granted on this issue and plaintiff's fourth claim for relief under the First Amendment is dismissed.

## V.    Qualified Immunity Under § 1983

In his response to defendants' motion, plaintiff asserts that, based on defendants' violation of his constitutional rights under the First and Fourteenth Amendment, and the Food, Drug, and Cosmetic Act, defendants are liable under § 1983, and that that qualified immunity does not apply.  Resp. at 34.

Because plaintiff has failed to state a claim that defendants violated any legal right, the Court need not reach plaintiff's argument concerning qualified immunity. *Kisela v. Hughes*,138 S.Ct. 1148, 1152 (2018).

## CONCLUSION

For the reasons set forth above, defendants' Second Motion to Dismiss, ECF No. 7, is GRANTED.    Plaintiff's First Amended Complaint, ECF No. 6, is DISMISSED.  The Court finds under the circumstances here, there is no set of facts that could be proved under amendment to pleadings that would constitute valid and sufficient claim or defense.  Fed. R. Civ. P. 15(a).  Accordingly, dismissal is WITHOUT leave to amend and judgment shall be entered accordingly.

It is so ORDERED and DATED this ____30th____ day of November 2023.


 /s/Ann Aiken

ANN AIKEN

United States District Judge